[No. 17608.    Department Two.    May 14, 1923.]

H. W. BAIR, *Respondent*, v. W. A. WIESE, *Defendant*, BLUESTEM GRAIN COMPANY et al., *Garnishee-Defendants*.

E. E. HYLAND, *Appellant*, v. W. A. WIESE, *Defendant*, BLUESTEM GRAIN COMPANY et al., *Garnishee-Defendants*.[1]

CHATTEL MORTGAGES (24, 31-1)—VALIDITY—FAILURE TO RECORD—MISTAKE IN DESCRIPTION—NOTICE—RIGHTS OF CREDITORS. Under Rem. Comp. Stat., § 3780, where a crop mortgage, by mutual mistake, erroneously described the land on which the crop was grown, its record is without any effect, as against existing and subsequent general creditors of the mortgagor having no actual notice of the mortgage.

GARNISHMENT (9, 32)—PROPERTY SUBJECT—CROPS—PRIORITIES—UNRECORDED CHATTEL MORTGAGE—LIEN WHEN ATTACHES. A garnishment lien on a crop, perfected under Rem. Comp. Stat., § 688, becomes effective from the time of service of the writ, and prevails over a prior chattel mortgage of which the creditor had no actual notice and the record of which was abortive as notice to creditors on account of an erroneous description of the land on which the crop was grown.

Appeal from a judgment of the superior court for Lincoln county, Hill, J., entered August 5, 1922, upon

[1]Reported in 215 Pac. 61.

findings in favor of ·the plaintiff mortgagor· as against the ' lien of a garnishment, in consolidated actions to determine the priority of liens as against a deposit in court. Reversed.

·R. M. Dye, for appellant.

J. D. McCallum, for respondent.

Tolman, J.—From the partial record brought up on this appeal, it appears that respondent, Bair, on October 13, 1921, brought an action in the superior court against W. A. Wiese and others (appellant Hyland not being made a party), in which action there was sought the foreclosure of a certain chattel mortgage made by Wiese, and the reformation and foreclosure of ·a certain crop mortgage given by Wiese to further secure the same debt. Apparently, in his complaint respondent alleged that, through ·mutual error and mistake, the crop mortgage, by its terms, covered two-thirds of the crop grown, or to be grown, on the northwest quarter of section 21, township 24 north, range 37, E. W. M., while in fact the parties intended that the mortgage should describe and encumber two-thirds of the crop grown, or to be grown, on the southwest quarter of section 15, in the same township and range.

On October 14, 1921, appellant Hyland, as plaintiff, brought an action in the same court against Wiese, as defendant, and others as garnishee defendants, seeking thereby to obtain a judgment against Wiese in the sum of· $525.90 upon open accounts for merchandise, the first cause of action being for merchandise sold and delivered by Hyland to Wiese between May 1, 1920, and October 31, 1921, and subsequent causes of action were based upon other similar open accounts which had been ·duly ·assigned to Hyland. ·A writ or writs of garnishment were sued out in this action, and one·such

writ was immediately served upon the Bluestem Grain Company, which was then in possession of the grain grown by Wiese upon the southwest quarter of section 15, township 24 north, range 37, E. W. M., being the identical grain which respondent Bair was seeking to reach by the reformation and foreclosure of the crop mortgage referred to in his complaint. The rights of all other parties having been adjusted, and the wheat having been sold and the proceeds, less what was paid to others, by stipulation of the parties, paid into the registry of the court to await the outcome of the litigation, these two cases were consolidated for trial to determine the respective rights of these two claimants to the proceeds of the grain mentioned.

The facts as found by the trial court are not in any way attacked or controverted, but it is contended that the court erred in his conclusions of law. The conclusion of law upon which the attack is centered reads as follows:

"That as to the proceeds of the wheat in the hands of the Clerk of this Court, to wit, the sum of $675.60, both the plaintiff H. W. Bair and the plaintiff E. E. Hyland have liens thereon as against the defendant Wiese, but as between said Bair and said Hyland neither have a lien against the said property which is enforcable against the other, and as to said fund Bair and Hyland as between themselves occupy the status of general creditors of Wiese, and that said fund of $675.60 should be pro rated and paid to Bair and Hyland according to the unsatisfied amounts of their respective judgments against Wiese."

The judgment from which this appeal was taken conforms thereto.

The facts being in effect agreed to, the legal rights of the parties may be readily determined by well-settled principles of law.

Respondent Bair, by the taking of the crop mortgage and by the proper filing of it for record, established a claim good against all the world under the terms of our recording act, as to the crop grown on the land described in the mortgage as executed and filed for record, but there was no such crop. The crop mortgage, assuming that there was a mutual mistake as alleged, which the court subsequently found to be the fact, was good as between the parties thereto, who presumably knew of the mistake, and may have been good as against any third person who had actual knowledge that such a mistake existed; but as to one who had no notice or knowledge of the mistake, the filing of the mortgage gave notice of what could be learned by reading it, and no more, and hence in this instance there was no mortgage filed within ten days, or at all, which gave notice of a lien existing in favor of Bair on the crop actually grown by Wiese. Appellant was a creditor. Whether existing or subsequent is immaterial under the statute (Rem. Comp. Stat., § 3780) [P. C. § 9747], but, according to the finding of the trial court, he was both an existing and a subsequent creditor, who, having no notice of the mortgage on the crop in question, was unaffected thereby, and to that extent the trial court was right.

Since appellant was wholly unaffected by the mortgage, why may he not pursue his remedy by garnishment against any property belonging to his debtor which had not been placed beyond his reach? The mere filing of a complaint in an action to which he was not a party, after he had become a creditor of Wiese, could not in anywise affect his rights. The allegations of the complaint as to the mutual mistake might be unfounded, or fail of proof, but however that may be, whatever notice they afforded came too late, as his

status was already fixed.   Therefore, being a creditor without notice, and the mortgage being void as to him, he was entitled to invoke the aid of the garnishment law and thereby perfect a lien upon the wheat.   Under the statute, Rem. Comp. Stat., § 668 [P. C. § 7400], a writ of garnishment is effective from the time of its service, and from that time will prevail over any secret or undisclosed equity which is void as against the creditor named in the garnishment writ.   The court should have directed the satisfaction of appellant's judgment, and costs, from the fund, with the overplus, if any, to the respondent.

The judgment is reversed, with directions to enter a judgment in accordance with the views here expressed.

MAIN, C. J., FULLERTON, BRIDGES, and PEMBERTON, JJ., concur.